UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| INLAND FRESH SEAFOOD CORPORATION OF AMERICA, INC., <br><br>　　　Plaintiff, <br><br>v. <br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br>　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>CIVIL ACTION NO. |

# COMPLAINT

## PARTIES

1. Plaintiff, Inland Fresh Seafood Corporation of America, Inc. ("Inland"), is a Corporation organized under the laws of the State of Georgia and qualified to conduct business in the State of Maine. Plaintiff is located at 116 Dartmouth Street #2, South Portland, Cumberland County, Maine 04106-6210. At all times material hereto, Plaintiff has been, and continues to be, the owner of property located at Building 2, Lobster Tank Building, 34 Factory Road, Milbridge, Washington County, Maine 04658 (the "Property"). At all times material hereto, the Property has been improved, described by Defendant, as a slab on grade (non-elevated), 1 floor, frame construction with improvements and fixtures.

2. Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity"), is a corporation duly organized under, and existing pursuant to, the laws of the State of Pennsylvania with a usual place of business located at 1 Bala Plaza, Suite 100, Bala Cynwyd, Montgomery County, Pennsylvania 19004-1401. At all times material hereto, Defendant has been, and continues to be, a property and casualty insurance company licensed to issue insurance policies

00613499

- 1 -

in the State of Maine under license number PCF46041. Defendant's registered agent for service of process is CT Corporation System located at 128 State Street #3, Augusta, Kennebec County, Maine, 04330-5630. At all times material hereto, Defendant, on information and belief, has been, and continues to be, authorized by the Federal Emergency Management Agency ("FEMA") to issue Standard Flood Insurance Policies ("SFIP") and handle and adjust claims for FEMA under the National Flood Insurance Program (the "NFIP").

## JURISDICTION AND VENUE

3. This Court has original exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072. The SFIP covering the Property (more fully described hereinafter) requires any suit under said policy to be filed in the United States District Court of the district in which the Property is located.

4. The SFIP at issue, and all disputes arising from the handling of any claim made thereunder, are governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et. seq.), and federal common law.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and 42 U.S.C. § 4053.

## FACTS

### 1. Issuance of the Policy

6. On or about May 26, 2023, Defendant issued a SFIP to Plaintiff, Policy No. 8705926474 (the "Policy"). A true and accurate copy of the Policy is attached as Exhibit 1.

7. The Policy insured the Property and provided flood insurance coverage for the period from May 26, 2023, 12:01 AM to May 26, 2024, 12:01AM. A true and accurate copy of the Revised Flood Insurance Policy Declaration from May 26, 2023, 12:01 AM to May 26, 2024, 12:01AM is attached as Exhibit 2.

8. Under the Policy, Defendant agreed to provide flood insurance coverage limits for the building and contents in the sums of $329,00.00 and $51,000.00, respectively, with a $50,000.00 deductible for each in exchange for Plaintiff's payment of premiums.

9. Section I of the Policy provided in part,

> "We will pay you for *direct physical loss by or from flood* to your insured property if you:
> 1. Have paid the correct premium;
> 2. Comply with all terms and conditions of this *policy*; and
> 3. Have furnished accurate information and statements."

10. Section III.A.1. of the Policy provided in pertinent part, "[w]e insure against direct physical loss by or from flood to: 1. The building described on the Declarations Page at the described location."

11. Section II.B.6.a. of the Policy defined "building" as "[a] structure with two or more outside rigid walls and a fully secured roof, that is affixed to a permanent site."

12. The Declaration Page described the building as "commercial" and described its location as "BLDG 2 LOBSTER TANK BLDG, 34 FACTORY RD, MILBRIDGE, ME, 046580000."

13. Section III.A.3. of the Policy further provided,

> "[w]e insure against direct physical loss by or from flood to: 3. Additions and extensions attached to and in contact with the *building* by means of a rigid exterior wall, a solid load-bearing interior wall, a stairway, an elevated walkway, or a roof. At your option, additions and extensions connected by any of these methods may be separately insured."

14. Section II.B.17. of the Policy defined "improvements" as, "[f]ixtures, alterations, installations, or additions comprising a part of the insured building."

15. At all material times hereto, Plaintiff timely paid all the correct premiums to Defendant for the Policy, and Defendant accepted all premium payments from Plaintiff.

16. Plaintiff paid in full all correct premiums, complied with all of the terms and conditions of the Policy and furnished accurate and timely information and statements as required by Defendant and/or FEMA under the Policy.

### 2. The Flood

17. On January 10, 2024, the Property (including the building situated thereon and contents contained therein) sustained damage as a result of severe thunderstorms and torrential rain that caused widespread flooding in Maine. ("Flood").

18. As of January 10, 2024, the Policy provided flood coverage for damage to the building situated on the Property as well as the contents contained therein.

19. As of January 10, 2024, the Policy was in full force and effect.

### 3. Submission and Denial of the Claim

20. Following the Flood, Plaintiff made a flood loss claim to Defendant under the Policy.

21. Defendant, individually and/or under FEMA's authority, adjusted Plaintiff's claim for flood loss to the Property.

22. On February 3, 2024, a Philadelphia Indemnity insurance adjuster inspected the Property and confirmed a general and temporary condition of flood existed and documented a 13-inch waterline on both the exterior and interior of the building.

23. The adjuster prepared an estimate for covered building damages providing allowances for flood loss clean-up, structural drying, insulation, sheathing, siding, painting, electrical, and doors.

24. The adjuster estimated damages for personal property inside the building including a pallet jack, two gas powered pumps, and a forklift.

25. The Defendant issued the policyholder payment totaling $13,945.29 for covered building damages.

26. The Defendant did not issue payment for personal property items because covered damages fell below the $50,000 personal property deductible.

27. In a letter dated March 22, 2024, Defendant denied coverage for the condensers, chiller tanks, electrical wiring, and stands that were attached to and in contact with the building by means of a rigid exterior wall and/or a roof stating these items were personal property items and were not stored inside the insured building at the time of loss. Exhibit 3.

28. On April 26, 2024, Plaintiff appealed Defendant's denial of the claims for the condensers, chiller tanks, electrical wiring, and stands that were attached to and in contact with the building by means of a rigid exterior wall and/or a roof to FEMA.

29. On October 10, 2024, FEMA issued its appeal decision concurring with Defendant's decision to deny coverage for the condensers, chiller tanks, electrical wiring, and stands. Exhibit 4.

## COUNT I - BREACH OF CONTRACT

30. Plaintiff adopts, re-alleges, and incorporates by reference all allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31. At all times material hereto, up to and including the January 10, 2024, date of loss, the SFIP was in full force and effect.

32. At all times material hereto, Plaintiffs owned the Property, up to and including the January 10, 2024, date of loss.

33. On the January 10, 2024, date of loss, the Property was damaged as a result of flood, which is a covered loss under the SFIP.

34. Defendant's partial payment of the loss is an admission that the January 10, 2024, date of loss is a covered loss under the Policy.

35. Through its determination that there were damages on the Claim, Defendant admitted liability for the January 10, 2024, date of loss.

36. The amount of damages determined by Defendant is inadequate to perform the repairs needed to fix all damages caused by the January 10, 2024, date of loss and to restore Plaintiff's Property to its pre-loss condition.

37. Plaintiff has furnished Defendant with timely notice of the loss, proof of claim and has otherwise performed all conditions precedent to recover under the SFIP and under the applicable statutes and law, but Defendant has refused and continues to refuse to pay all of the Plaintiff's claim.

38. All conditions precedent to obtaining payment of insurance benefits under the SFIP have been complied with, met, or waived.

39. Upon the issuance of the SFIP to Plaintiff, Plaintiff and Defendant entered into a valid and enforceable agreement.

40. Defendant breached the Policy by failing to pay for the damages sustained by Plaintiff to the condensers, chiller tanks, electrical wiring, and stands attached to and in contact with the building by means of a rigid exterior wall and/or a roof.

41. Defendant breached the SFIP by failing to properly evaluate Plaintiff's claim and by failing to pay the full amount of the claim in accordance with the policy provisions and applicable laws.

42. As a direct and proximate cause of Defendant's breach, Plaintiff has suffered economic damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

43. Plaintiff herein demands a trial by jury of all issues so triable.

WHEREFORE, Plaintiff, Inland Fresh Seafood Corporation of America, Inc., hereby demands the following:

1. A judgment entered against Defendant, Philadelphia Indemnity Insurance Company, in an amount to be proved at trial together with interest, and costs; and

2. That this Court award to the Plaintiff, Inland Fresh Seafood Corporation of America, Inc., such further relief as it deems just and equitable.

Dated: March 21, 2025.

/s/ Matthew Bowen
_____
Matthew H. Bowen, Bar No. 6364
Attorney for Plaintiff
Law Offices of Bruce W. Hepler, LLC
75 Pearl Street
Portland, Maine 04101
matthew.h.bowen.law@gmail.com
tele: (207) 772-2525
fax: (207) 772-2111

/s/ Bruce Hepler
_____
Bruce W. Hepler, Bar No. 8007
Attorney for Plaintiff
Law Offices of Bruce W. Hepler, LLC
75 Pearl Street
Portland, Maine 04101
brucehepler1@gmail.com
tele: (207) 772-2525
fax: (207) 772-2111

/s/ Thomas Walker
_____
Thomas L. Walker – *Pro Hac Vice*
Application forthcoming
Attorney for Plaintiff

Wimberly, Lawson, Steckel, Schneider, & Stine, P.C.
Lenox Towers, Suite 400
3400 Peachtree Road, N.E.
Atlanta, GA 30326
tlw@wimlaw.com
tele: (404) 365-0900.
fax: (404) 261-3707


/s/ Larry Stine
_____
J. Larry Stine – *Pro Hac Vice*
Application forthcoming
Attorney for Plaintiff
Wimberly, Lawson, Steckel, Schneider, & Stine, P.C.
Lenox Towers, Suite 400
3400 Peachtree Road, N.E.
Atlanta, GA 30326
jls@wimlaw.com
tele: (404) 365-0900.
fax: (404) 261-3707

00613499