UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

INLAND FRESH SEAFOOD          )
CORPORATION OF AMERICA, INC., )
                              )
          Plaintiff           )
                              )
     v.                       )          2:25-cv-00104-JCN
                              )
PHILADELPHIA INDEMNITY        )
INSURANCE COMPANY,            )
                              )
          Defendant           )

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff owns commercial property that was damaged in a flood in January 2024. The property is insured through a flood insurance policy issued by Defendant. The policy was issued under a federal program, which permits private insurance carriers to issue standardized flood insurance policies, with losses covered by the federal government.

After Plaintiff's property was damaged in the January 2024 flood, Plaintiff submitted a claim. Defendant issued payment on the claim. Plaintiff maintains that Defendant did not pay for all the covered losses. In this action, Plaintiff seeks to recover for the alleged unpaid covered losses.

Both parties seek summary judgment. (Plaintiff's Motion, ECF No. 32; Defendant's Motion, ECF No. 35.) After a review of the pleadings and the record, and after consideration of the parties' arguments and the applicable law, the Court grants Defendant's motion and denies Plaintiff's motion.

**BACKGROUND**

**A.      The National Flood Insurance Program**

Plaintiff's flood insurance policy was written under the National Flood Insurance Program (NFIP), a program created by the National Flood Insurance Act of 1968. 42 U.S.C. §§ 4001-4131. Congress established the NFIP to increase the availability of flood insurance through federal subsidies. *See id.* § 4001(b). The NFIP is managed by the Administrator of the Federal Emergency Management Agency (FEMA), *id.* § 4011(a), and backed by the National Flood Insurance Fund, a fund established in the United States Treasury "which is responsible for paying claims that exceed the revenue generated by premiums paid under policies issued pursuant to the program." *McGair v. Am. Bankers Ins. Co. of Fla.*, 693 F.3d 94, 96 (1st Cir. 2012) (citing 42 U.S.C. § 4017(a)).

In 1983, FEMA established the Write Your Own (WYO) program, "permitting private insurance companies to issue policies as part of the NFIP." *Id.* (citing 44 C.F.R. §§ 62.23-24). "As part of the WYO program, FEMA promulgated regulations prescribing the terms of the Standard Flood Insurance Policy" (SFIP) for use by WYO Companies.[1] *Id.* Although a SFIP may be issued by a private sector WYO Company, the risk of loss on a SFIP is not borne by the WYO Company but instead assigned to the National Flood Insurance Fund. 44 C.F.R. § 61.13(h). "Thus, when private companies issue WYO policies, they act as 'fiscal agents of the United States[.]'" *McGair*, 693 F.3d at 96 (quoting 42 U.S.C. § 4071(a)(1)).

---

[1] The terms of the SFIP are presently codified at 44 C.F.R. Part 61, Appendix A(2).

The SFIP "is authorized only under terms and conditions established by Federal statute, the program's regulations, . . . and the express terms of the policy itself." 44 C.F.R. § 61.13(e). The SFIP imposes certain requirements in the event of a flood loss to insured property, which requirements include the insured's obligation to send the insurer a "proof of loss" within sixty days after the loss. The proof of loss is the insured's sworn statement of the amount claimed under the policy, which statement must be accompanied by detailed information about the damaged property. 44 C.F.R. Pt. 61, Appendix A(2), Article VII(G)(4). Neither the proof of loss requirement nor any other provision of the SFIP may be waived "other than by the express written consent of the Federal Insurance Administrator[.]" 44 C.F.R. § 61.13(d); *accord* 44 C.F.R. Pt. 61, Appendix A(2), Article VII(C).

"Where there is disagreement about the amount of flood damages or coverage, the SFIP allows policyholders to appeal to FEMA from any denial of their claims or to contest [such denial] in federal court." *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 82 (1st Cir. 2013); *see also* 42 U.S.C. § 4072. "However, to invoke either procedure for review of the denial of a flood insurance claim, a policyholder must have first filed a timely and compliant proof of loss." *DeCosta*, 730 F.3d at 76; *see also* 44 C.F.R. Pt. 61, Appendix A(2), Article VII(O) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.").

**B.    Plaintiff's Claim**

The following facts are undisputed. At all relevant times, Defendant has been a WYO Company participating in the NFIP. (Joint Stipulated Statement of Undisputed

3

Material Facts, hereinafter JSOMF, ¶ 1, ECF No. 35-1.)  Defendant issued a SFIP for Plaintiff's property located at 34 Factory Road in Milbridge (the property), and the SFIP was in force at the time of a flood loss on January 10, 2024.  (JSOMF ¶ 2.)  Coverage A of the SFIP provided for a coverage limit of $329,000, with a deductible of $50,000, for the building; Coverage B provided for a coverage limit of $51,000, with a deductible of $50,000, for the contents of the building.  (*Id.*)  The property is a non-residential, single-story slab on grade structure used as a commercial building to store lobster.  (JSOMF ¶ 3.)

On or about January 25, 2024, Plaintiff notified Defendant of the claim for the flood loss.  (JSOMF ¶ 4.)  Defendant acknowledged Plaintiff's claim and assigned the loss to an independent adjuster.  (JSOMF ¶ 6.)  After inspecting the property, the adjuster determined that flood water had risen to a level of 13 inches on the exterior and in the interior of the structure.  (*Id.*)  The adjuster recommended payment of $13,945.29 for damage to the building, after application of non-recoverable depreciation and the $50,000 deductible.  (JSOMF ¶ 7.)  The adjuster also determined that the amount of covered damage to contents totaled $34,571.95 before application of non-recoverable depreciation and the $50,000 deductible and, therefore, the amount of damage to covered contents did not exceed the deductible.  (*Id.*)

To facilitate payment of the claim, the adjuster prepared for Plaintiff's signature a proof of loss form reflecting the net claim of $13,945.29.  (JSOMF ¶ 9.)  On February 25, 2024, Defendant asked Plaintiff to submit a signed and sworn proof of loss by March 10, 2024.  (JSOMF ¶ 10.)  On March 22, 2024, more than sixty days after the loss, Plaintiff returned a proof of loss form, signed by a representative of Plaintiff and dated March 20,

2024, listing the net amount claimed as $13,945.29. (JSOMF ¶ 11.) Defendant promptly requested from FEMA a waiver of the sixty-day time limit for the proof of loss dated March 20, 2024, for the purpose of issuing a one-time payment of $13,945.29 on Plaintiff's claim. (JSOMF ¶ 13; Defendant's Statement of Undisputed Material Facts, hereinafter DSOMF, ¶ 12, ECF No. 35-2.) FEMA approved a one-time, sixty-day time limit waiver, which allowed the payment of $13,945.29 on Plaintiff's claim. (JSOMF ¶ 14.)

On March 22, 2024, Defendant mailed payment to Plaintiff in the amount of $13,945.29 for covered flood damage to the building under Coverage A. (JSOMF ¶ 15.) At the same time, Defendant advised Plaintiff by letter that it denied coverage for any contents loss under Coverage B, as the amount of covered damage to contents was determined to be below the $50,000 deductible. (*Id.*) Defendant also denied coverage for certain condensers, chiller tanks, electrical wiring, and stands, which had been damaged by flood water, but were not stored in the insured building at the time of the loss. (JSOMF ¶ 16.) As explained in its letter, Defendant considered these items to be "contents" as they were "used for the business, not for the servicing of the building separate from the business use" and because the items had not been in the insured building, Defendant denied the claim for damage to the items. (*Id.*) Plaintiff never submitted a proof of loss to support a request for an additional or supplemental payment for the January 10, 2024 flood loss. (DSOMF ¶¶ 20, 22.)

On April 26, 2024, Plaintiff appealed to FEMA from the partial denial of the claim. (JSOMF ¶ 18.) Six months later, FEMA affirmed Defendant's partial denial of Plaintiff's claim. (JSOMF ¶ 19.) Plaintiff subsequently commenced this action against Defendant

for breach of the SFIP, seeking to recover additional payment of federal flood benefits under the SFIP.  (JSOMF ¶ 20.)

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant must "inform the court of the basis for its motion" and identify the parts of the summary judgment record "that demonstrate the absence of any genuine issue of material fact."  *Irobe v. U.S. Dep't of Agric.*, 890 F.3d 371, 377 (1st Cir. 2018) (cleaned up) (quotation marks omitted).  Where, as here, there are dueling motions for summary judgment, the court considers each motion independently and decides "whether either of the parties deserves judgment as a matter of law on facts that are not disputed."  *Matusevich v. Middlesex Mut. Assurance Co.*, 782 F.3d 56, 59 (1st Cir. 2015) (quotation marks omitted).  "Because this is a dispute over the coverage of insurance policies under the NFIP, federal common law controls."  *Id.*

## DISCUSSION

Plaintiff contends that the record establishes that the condensers, chiller tanks, electrical wiring, and stands are covered as "fixtures" under Coverage A, and, alternatively, that the items are covered personal property under Coverage B.  Defendant contends that Plaintiff failed to file a proof of loss for the damage to the condensers, chiller tanks, electrical wiring, and stands as required by SFIP Article VII(G), which failure bars recovery for the claimed damages and mandates dismissal of this matter under SFIP Article VII(O).

The United States Court of Appeals for the First Circuit has repeatedly held that "federal law mandates strict compliance with the SFIP, including its proof-of-loss requirement." *DeCosta*, 730 F.3d at 83 (citing *McGair*, 693 F.3d at 100-01); *see also Phelps v. FEMA*, 785 F.2d 13, 16-19 (1st Cir. 1986). Strict compliance with SFIP requirements is compelled by a number of considerations, including constitutional concerns. *DeCosta*, 730 F.3d at 83. Because the federal treasury is liable for claims brought under SFIPs issued by WYO Companies, strict compliance with the SFIP is mandated by the Appropriations Clause: the judiciary may not award claims against the United States that are not authorized by statute. *Id.* The SFIP is also strictly construed and enforced as a condition precedent to waiver of the federal government's sovereign immunity, as the government's liability is at stake in an action against a WYO Company. *Id.* at 84. Finally, the First Circuit has observed that strict construction of the SFIP furthers the "need for uniformity in federal law" and maintains the "delicate balance" that FEMA has attempted to strike "between the need to pay claims and the need to ensure the long term sustainability of the NFIP." *Id.* (quotation marks omitted).

The First Circuit applied this rule of strict construction in *DeCosta*, where the plaintiff timely submitted two signed and sworn proof of loss forms for building damages and depreciation, along with an unsigned sixteen-page estimate of additional building damages from the plaintiff's adjuster. *Id.* at 78. Later, the plaintiff untimely submitted two additional proof of loss forms for damaged contents and depreciation. *Id.* at 79. The insurer requested a waiver of the sixty-day time limit for the two untimely proof of loss forms, and FEMA approved that specific waiver request. *Id.* The insurer paid the plaintiff

7

the amounts listed in the four proof of loss forms he had submitted, but did not pay the sums claimed in the unsigned estimate from plaintiff's adjuster. *Id.* at 78-79. The First Circuit concluded that plaintiff's recovery for sums reflected in the unsigned estimate from his adjuster was barred by his failure to submit a signed proof of loss form for the damages reflected in the unsigned estimate from the adjuster. *Id.* at 84. After noting that plaintiff's proof of loss forms claimed only the amounts listed on those forms, *id.* at 85, and after reviewing the NFIP's Flood Insurance Claims Handbook—which "details the process for seeking additional damages beyond those sought in an initial claim"—the First Circuit concluded that "the insured must provide a signed proof of loss for every dollar sought." *Id.* at 86 n.9.

Here, Plaintiff submitted one proof of loss form, claiming only the amount listed on that form. Although the proof of loss form was untimely submitted, FEMA waived the sixty-day deadline as to the proof of loss form, permitting payment of the amount listed on that form. The record establishes that on March 22, 2024, Plaintiff submitted a sworn proof of loss and that on the same date, Defendant paid part of the claim and notified Plaintiff of the denial of part of the claim. Defendant paid the claim pursuant to FEMA's one time waiver of the sixty-day deadline. Plaintiff did not file a proof of loss form for the sums he now seeks to recover.

Plaintiff contends that another proof of loss form was not required. Plaintiff cites the following language of the SFIP in support of its argument:

2. If we reject your proof of loss in whole or in part you may:

a. Accept our denial of your claim;

     b.  Exercise your rights under this policy; or

     c.  File an amended proof of loss as long as it is filed within 60 days of the date of loss.

(SFIP, Article VII(J)(2).)  Plaintiff maintains that the filing of an amended proof of loss is an option but not a requirement.  Plaintiff argues that consistent with section J(2)(b), it exercised its right under the policy to commence this action.

The language upon which Plaintiff relies governs Plaintiff's rights after the denial of a claim.  Article VII(J)(2), however, does not exempt an insured from filing a sworn proof of loss within sixty days of the loss.  Article VII(G) outlines the process for filing a claim.  Section G(4) unequivocally requires that an insured file the proof of loss within sixty days after the loss.  *DeCosta* teaches that while a policyholder may appeal from the denial of a claim or contest the insurer's decision in federal court, the "policyholder must have first filed a timely and compliant proof of loss."  *DeCosta*, 730 F.3d at 82.  The uncontroverted evidence establishes that Plaintiff did not file a sworn proof of loss for the amounts that it seeks to recover in this matter.  Accordingly, Plaintiff cannot recover on its claim.

### CONCLUSION

Plaintiff maintains that it was not required to file a supplemental sworn proof of loss form for the amount it seeks to recover in this matter.  As explained above, the pertinent policy and the applicable law required that Plaintiff, within sixty days of the loss, file a sworn proof of loss for all amounts claimed.  The record establishes that Plaintiff did not file a sworn proof of loss for the sums it seeks to recover in this case.  Defendant thus is

9

entitled to judgment as a matter of law.  The Court, therefore, grants Defendant's motion

for summary judgment and denies Plaintiff's motion for summary judgment. [2]

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of May, 2026.

---

[2] Because the Court concludes that Plaintiff's recovery is barred by its failure to file a sworn proof of loss for the sums it seeks to recover in this suit, the Court does not address the parties' other coverage arguments.